UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Warren Cook

   v.                                          Civil No. 08-cv-11-PB

City of Laconia

**REPORT AND RECOMMENDATION**

Pro se plaintiff Warren Cook brings this action, pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the First Amendment to the United States Constitution. Named as the defendant is the City of Laconia, New Hampshire. Defendant allegedly violated Cook's right to separation of church and state when it relocated a polling place from a city-owned property to a local church during the presidential primary election held in January 2008 (document no. 1).[1] Seeking injunctive relief, Cook requests this Court to relocate the polling place to a nonchurch location.

The matter is before me for preliminary review to determine, among other things, whether Cook has stated a claim upon which

---

[1] Cook's request for emergency injunctive relief (document no. 3) was denied as moot on April 24, 2008.

relief might be granted.  See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).  For the reasons stated below, I recommend that the complaint be dismissed.

## Standard of Review

In reviewing a pro se complaint, this court must construe the pleading liberally and in favor of the pro se litigant.  See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).  I apply this standard in reviewing Cook's complaint.

Background

Cook, a presumed resident of the City of Laconia, filed this action on January 7, 2008, one day before the presidential primary election in New Hampshire.  In a one-page complaint, he alleges that "[t]he City of Laconia has moved its voting place from a city-owned property to a local church in [his] ward."  The relocation of the polling place allegedly violates his First Amendment right to separation of church and state.  Cook has not identified his religious beliefs, if any, nor alleged any specific governmental infringement on his beliefs.  The record is silent as to any governmental endorsement or suppression of religion with regard to the polling place at issue.  Cook has not alleged that he has been denied any voting rights.  In bringing this action, he seeks injunctive relief, requesting this Court "to relocate the polling place to a location not connected to any church as we are guaranteed the right of separation of church [and] state."

Discussion

I.   Claim Pertaining to the January 2008 Election

"'Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.'"

Johansen v. United States, 506 F.3d 65, 69 (1st Cir. 2007) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)).  As the First Circuit has explained:

> [t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.  Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies *admitting of specific relief through a decree of a conclusive character*, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts.  This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.

Id. (internal citations and quotations omitted).  Thus, a suit is moot if it fails to present an actual case or controversy. Jackson v. Coalter, 337 F.3d 74, 79 (1st Cir. 2003).

In this action, Cook challenges the City of Laconia's actions of relocating a polling place from a city-owned property to a local church.  The actions allegedly occurred during the presidential primary election and appear to pertain solely to that election, which concluded in January 2008.  As explained above, Cook's complaint must allege some injury to himself that could be redressed by a favorable judicial decision.  With regard to the January 2008 election, he has not stated whether or how he

has been injured by the relocation of the polling place or how any such injury would be redressed by the remedy he seeks.  I therefore conclude that he has not presented an actual case or controversy for this Court to resolve with regard his claim as it pertains to the January 2008 polling location.  Accordingly, I recommend that this claim be dismissed for lack of subject matter jurisdiction.

II.  Claim Pertaining to Future Elections

To the extent Cook challenges the City of Laconia's use of a church as a polling location for future elections[2], I conclude that he has failed to allege sufficient predicate facts to state a cognizable First Amendment claim.  Construed liberally, the complaint invokes the Establishment Clause of the First Amendment by alleging that the City of Laconia's actions violate Cook's "right of separation of church and state."

"The Establishment Clause of the First Amendment proscribes

---

[2]I liberally construe Cook's complaint to challenge the City of Laconia's actions with regard to future elections.  See Independence Party v. Graham, 413 F.3d 252, 256 (2d Cir. 2005) ("In the absence of a class action, a controversy is capable of repetition, yet evading review where both of the following two requirements are met: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.").

5

governmental involvement in religion, either to advance or inhibit its practice in any form." Bader v. Wren, 532 F. Supp. 2d 308, 312-13 (D.N.H. 2008) (citing U.S. Const., amend. I (providing "Congress shall make no law respecting an establishment of religion")). It is made applicable to the states through the Fourteenth Amendment. See id. (citing Lee v. Weisman, 505 U.S. 577, 580 (1992)). "The Establishment Clause, at the very least, prohibits government from appearing to take a position on questions of religious belief or from 'making adherence to a religion relevant in any way to a person's standing in the political community.'" County of Allegheny v. ACLU, Greater Pittsburgh Chapter, 492 U.S. 573, 594 (1989) (quoting Lynch v. Donnelly, 465 U.S. 668, 687 (1984) (O'Connor, J., concurring)). It commands a separation of church and state. See Cutter v. Wilkinson, 544 U.S. 709, 719 (2005). "In other words, the government cannot endorse or suppress religion, however tangentially." Bader, 532 F. Supp. 2d at 312-13 (citing County of Allegheny, 492 U.S. at 591-95 (reviewing the contours of the Establishment Clause's limit on governmental action)).

Where, as here, challenges to governmental action allegedly violate the Establishment Clause, courts are required to make

6

fact-specific determinations, as follows:

> While the proscription has been difficult to translate into "concrete rules and consistent doctrine," DeStefano v. Emergency Hous. Group, Inc., 247 F.3d 397, 405 (2d Cir. 2001), the Supreme Court has annunciated a three-part test to determine whether the challenged governmental action . . . violates the Establishment Clause:  (1) does it have a secular purpose?; (2) is its principal or primary effect one that neither advances nor inhibits religion?; (3) does the act avoid excessive governmental entanglement with religion?  See Lemon v. Kurtzman, 403 U.S. 602, 612-13, 91 S. Ct. 2125, 29 L. Ed. 2d 745 (1971); see also Zelman v. Simmons-Harris, 536 U.S. 639, 668, 122 S. Ct. 2460, 153 L. Ed. 2d 604 (2002) (reaffirming the Lemon test as a "central tool in our analysis of cases in this area") (O'Connor, J., concurring)).
>
> The second and third questions have been fused into one, because the same evidence often answers both questions.  See Zelman, 536 U.S. at 668-69 ("the degree of entanglement has implications for whether a statue advances or inhibits religion"); Agostini v. Felton, 521 U.S. 203, 232, 117 S. Ct.. 1997, 138 L. Ed. 2d 391 (1997) (combining excessive entanglement into the effects inquiry).  The analysis, therefore, assesses whether the challenged governmental act has a secular purpose and whether it affects religion in some way.[3] If the challenged act fails any part of this test, then it violates the Establishment Clause.  See Lemon, 403 U.S. at 613-14.

Bader, 532 F. Supp. 2d at 313.

---

[3] The effects test is further broken down into subparts that ask whether the challenged action results in governmental indoctrination, determines its recipients by reference to religion, or creates excessive entanglement with religion.  See DeStefano, 247 F.3d at 406 (citing Mitchell v. Helms, 530 U.S. 793, 120 S.Ct. 2530, 2559 (2000) (plurality opinion) and Agostini, 521. U.S. at 234).

7

In this action, Cook concedes that the establishment of the polling place in a church was for the secular purpose of providing a place to vote.  Nothing in the record suggests that the principal or primary effect of the polling place in a church advances or inhibits religion, or that Cook was unable to enter the polling place because of his religious beliefs.  In addition, Cook has failed to allege any predicate facts suggesting that the challenged actions foster an "excessive government entanglement with religion."  See Otero v. State Election Bd., 975 F.2d 738, 740-41 (10th Cir. 1992) (rejecting atheist's Establishment Clause challenge to the use of a church as a polling place).  Even generously construed, his allegations fail to state a cognizable constitutional claim of establishment or endorsement of religion.  For the foregoing reasons, I conclude that Cook has failed to allege sufficient predicate facts to state a cognizable First Amendment claim against the City of Laconia with regard to the use of a church as a polling place in future elections and, therefore, recommend that this claim be dismissed for failure to state a claim upon which relief may be granted.

## Conclusion

For the reasons stated above, I recommend that the complaint

be dismissed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: June 5, 2008

cc:   Warren Cook, pro se